**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**DAN VACEK**,

        Plaintiff,

v.                                                                           No. CIV 07-1187 BB/RHS

**COURT OF APPEALS, ET AL.**,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court for consideration of the Court's prior order to show cause (Doc. 11), Plaintiff's third motion for leave to file an amended complaint (Doc. 68), and Plaintiff's motion for change of venue (Doc. 69). For the reasons stated below, Plaintiff's motion to amend will be denied in part and held in abeyance in part, Plaintiff's motion for change of venue will be denied, and most of Plaintiff's claims will be dismissed.

**Issues Arising From Order to Show Cause:** In the order to show cause, the Court pointed out that judges have absolute immunity from monetary liability for actions taken in their judicial capacity. Plaintiff has responded by citing cases in which judges have been convicted of crimes or removed from the bench due to criminal activities engaged in while they were acting as judges. It is true that judges are not absolutely immune from criminal prosecution if they commit crimes such as accepting bribes. However, they do have absolute immunity from civil liability for actions taken in their capacity as judges. *See Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007). That is the situation in this case; Plaintiff has sued Judge Vigil and Judge Romero for taking judicial actions, including issuing a bench warrant and dismissing an appeal. Even if it was true that they had no legal basis for taking those actions, they have absolute legal immunity from Plaintiff's claims for

money damages.  *Id.*  Plaintiff's claims for money damages against Judges Vigil and Romero will therefore be dismissed.

In addition, despite Plaintiff's arguments to the contrary, the New Mexico Court of Appeals is not an entity that can be sued under 42 U.S.C. § 1983, and any claims brought against that entity will also be dismissed.  *See  Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997).

In his response to the order to show cause, Plaintiff explains that in his complaint, he did not intend to ask this federal Court to reverse decisions or actions made by the state district court or appellate court.  Instead, he provided information concerning those actions simply as background information in support of his other claims.  Therefore, the Court's discussion in the order to show cause concerning the *Rooker-Feldman* doctrine appears to have been unnecessary.  To the extent any of Plaintiff's claims might be construed as attempts to have this Court reverse the effects of any state-court decision, however, the discussion in the order to show cause applies and such claims will not be considered by this Court.  *See Tal v. Hogan*, 453 F.3d 1244, 1255-56 (10th Cir. 2006) (*Rooker-Feldman* doctrine precludes federal-court consideration of claims by litigants who have been unsuccessful in a state-court proceeding, and then file a lawsuit in federal court attempting to obtain review and rejection of the state courts' decisions).

Plaintiff again renews his request that this Court issue orders requiring the state district and appellate courts to take certain actions, or refrain from taking certain actions.  For example, Plaintiff requests an order preventing Judge Vigil from presiding over any appeal that "originates from the Second Judicial District Court," and an order suspending Judges Vigil and Romero "until such a time this litigation process matures."  The Court will not entertain Plaintiff's request that this Court, in effect, take supervisory control over the state-court system.  The New Mexico Supreme Court, by virtue of the state Constitution, has the power to supervise lower courts in the exercise of their

duties. N.M. Const., Art. VI, § 3. If this Court were to presume to interfere in the state-court system in the manner requested by Plaintiff, such action would violate all notions of comity between the state and federal court systems. *Cf. Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir.2001) (explaining that, under the *Younger* abstention doctrine, federal courts should not interfere with state court proceedings when a state forum provides an adequate avenue for relief). Therefore, the Court will dismiss all claims for relief requesting that this Court take any action that would interfere with ongoing or future state-court proceedings.

In the order to show cause, the Court pointed out that Plaintiff's claims concerning the Department of Public Safety's refusal to expunge his arrest record appear to have no basis in federal law. Plaintiff has not responded to that portion of the order. Therefore, the Court will dismiss any and all claims that are based on any individual or entity's failure to expunge the record of Plaintiff's prior arrest. *See, e.g., West v. Atkins*, 487 U.S. 42, 48 (1988) (to state § 1983 claim, plaintiff must allege violation of right secured by United States Constitution or federal law).

**Third Motion to Amend:** Plaintiff's third motion to amend supersedes his first two motions to amend, which are deemed withdrawn. His motion requests that he be allowed to add eleven new parties, including ten parties located in the state of Pennsylvania and one, the Federal Bureau of Investigation ("FBI"), which has an office in New Mexico. This Court has discretion to deny a motion to amend where the amendment would be futile. *See Jefferson County School Dist. No. R-1 v. Moody's Investor's Services, Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). This occurs when the complaint as amended would be subject to dismissal. *Id.* This is the case with the new parties Plaintiff seeks to add to the case. First, the FBI is not a proper defendant in a § 1983 case such as this one, or in a case alleging violations of constitutional rights by federal employees. *See Ellis v. Bazetta Police Dep't*, 2005 WL 1126731 (N.D. Ohio 2005) (explaining that 42 U.S.C. § 1983

applies only to state actors, not federal entities, and that so-called *Bivens* claims can only be brought against individual federal defendants, not against a federal agency such as the FBI). As to the Pennsylvania entities, it is virtually certain this Court has no personal jurisdiction over them, as they are located in Pennsylvania and all of the activities complained of by Plaintiff occurred in that state. Even if for some reason the Court can entertain the claims, the Court declines to do so in the context of this case. The claims against the Pennsylvania entities are easily separable from the claims brought against the Defendants currently before the Court, and adding out-of-state Defendants to this case will needlessly delay and complicate this case. Therefore, the Court exercises its discretion to deny Plaintiff's motion to amend insofar as it seeks to add the eleven new defendants named in the amended complaint.

A portion of the request to amend the complaint is directed at the current Defendants, and involves issues such as correcting factual allegations or adding new causes of action. The Court will not address these issues at this time. Instead, the Court will first decide the pending motion to dismiss (Doc. 33) and determine which, if any, Defendants should properly remain in the case. At that point, the Court will also determine whether the proposed amended complaint should be allowed with respect to those Defendants.

**Motion for Change of Venue:** Plaintiff contends this Court, and all judges in the District of New Mexico, should not preside over his case because some of the judges formerly served on the New Mexico Court of Appeals, some may be associated with the Mexican-American Legal Defense Fund ("MALDEF"), and this Court was many years ago appointed to the New Mexico Court of Appeals by Bruce King, the father of the current New Mexico Attorney General. For this reason, Plaintiff requests a transfer of venue to Washington, D.C., even though Plaintiff filed his lawsuit in this district in the first place. Plaintiff's suggestions of bias on the part of this Court, as well as the

other judges in this district, are pure speculation without any basis in fact. The Court has no bias in this case. Furthermore, all Defendants in this case are located in New Mexico, and Plaintiff has established no connection between these Defendants and Washington, D.C., his preferred site for venue. The Court will therefore deny Plaintiff's motion for change of venue.

**Conclusion:** Based on the foregoing discussion, the Court finds that Plaintiff's complaint does not state a claim against the New Mexico Court of Appeals or against individual judges or employees of the state district court or court of appeals. In addition, the Court will dismiss all claims arising out of any entity's refusal to expunge Plaintiff's arrest record, as well as all claims requesting that the Court take any action whatsoever against Judge Vigil or Judge Romero. The only claims that might possibly state a federal constitutional claim are those concerning incorrect information provided to the NCIC system, which allegedly led to Plaintiff's overnight detention in another state and to his inability to obtain a security clearance needed for employment opportunities. Those claims will survive, although they will be examined against the motion to dismiss filed by some of the Defendants. Plaintiff's motion to amend will be denied insofar as is seeks to add new parties, and held in abeyance with respect to all other aspects of the motion. Finally, Plaintiff's motion for change of venue will be denied.

## ORDER

A Memorandum Opinion having been entered this date, it is hereby ORDERED that certain of Plaintiff's claims be dismissed, as discussed in the opinion. It is also ORDERED that Plaintiff's third motion to amend his complaint (Doc. 68) be, and hereby is, DENIED in part and HELD IN ABEYANCE in part. Finally, it is ORDERED that Plaintiff's motion for change of venue (Doc. 69) be, and hereby is, DENIED.

Dated this 28th day of April, 2008.

_____
BRUCE D. BLACK
United States District Judge