# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**DAN VACEK**,

        Plaintiff,

v.                                   No. CIV 07-1187 BB/RHS

**COURT OF APPEALS, ET AL.,**

        Defendants.

## MEMORANDUM OPINION, ORDER, AND ORDER TO SHOW CAUSE

This matter comes before the Court for consideration of a motion to dismiss (Doc. 33) filed by some of the Defendants ("state Defendants") remaining in this case after the Court's prior orders. The Court will also briefly address and dispose of a number of other motions filed by the parties, including a motion to strike (Doc. 63) filed by the state Defendants, a motion to strike (Doc. 67) filed by Plaintiff, a motion for summary judgment against a John Doe Defendant (Doc. 72), two motions to reconsider (Docs. 81, 85) filed by Plaintiff, and a fourth motion for leave to file a second amended complaint (Doc. 87) filed by Plaintiff. The Court has reviewed the submissions of the parties and held a hearing on the motion to dismiss, to allow Plaintiff an opportunity to provide information about the grounds for his remaining claims. It is clear to the Court that, as Plaintiff describes, the "root cause" of his claims was a bench warrant issued by a state-court judge, who allegedly had no legal basis for issuing the warrant. Unfortunately for Plaintiff, this Court can provide no relief even if Plaintiff is correct and the bench warrant was completely unauthorized by any rule, statute, or other source of law – as the Court has held in its prior orders, and explained to Plaintiff at the hearing, the judge issuing the warrant has absolute judicial immunity for that action, because issuing a bench warrant is a quintessentially judicial act. As discussed below, the Court now holds that Plaintiff has

failed to allege a federal claim against any of the state Defendants.  For that reason, the motion to dismiss will be granted and the state Defendants will be dismissed from this case.  Furthermore, although the other remaining Defendants ("county Defendants") have not filed a motion to dismiss, the Court's review of the Plaintiff's amended complaint and the exhibits attached thereto indicates Plaintiff has not alleged viable federal claims against the county Defendants.  The Court will therefore issue an order to show cause why the claims brought against the county Defendants should not also be dismissed.

**Agency Defendants:**  In the Court's previous orders, the Court discussed the fact that the Court of Appeals is a state agency, and therefore does not qualify as a "person" against whom a § 1983 claim may be maintained.  As the Court noted at the hearing, the same analysis applies to the other state agency Defendants in this case – the New Mexico Department of Public Safety, the Second Judicial District Attorney's Office, and the Second Judicial District Court.  Plaintiff's claims against these agencies will therefore be dismissed.  The Court notes this analysis does not apply to the Bernalillo County Sheriff's Office, which is not a state agency but a county entity.

**Defendants Denko and Chacon:**  These Defendants were the Secretary and an employee, respectively, of the New Mexico Department of Public Safety.  Plaintiff's complaints against them are twofold:  first, that they failed to respond to his repeated requests for information concerning any records the Department had on file concerning his Plaintiff; and second, that they refused to expunge his arrest record even though the two charges upon which he was arrested were dismissed prior to trial.  In the previous order to show cause, the Court explained that the failure to expunge an arrest record is not a violation of any federal statute or the federal Constitution, and the Court continues to consider that a correct statement of the law.  *See, e.g., Herschel v. Dyra*, 365 F.2d 17, 20 (7th Cir. 1966) (district court properly dismissed plaintiff's claim that failure to expunge his arrest record was

a violation of the Constitution); *Antonelli v. Burnham*, 582 F.Supp. 1067, 1070-71 (N.D.Ill.1984). The same is true of the refusal to provide the information requested by Plaintiff -- there is no federal statute or constitutional provision that requires a state Department of Public Safety to provide the information requested by Plaintiff.  Plaintiff's request for the information was based on a New Mexico statute, the "Inspection of Public Records Act," NMSA 1978, § 14-2-1.  However, violation of a state statute is not actionable in federal court under 42 U.S.C. § 1983.  Therefore, if Plaintiff's claim for refusal to provide information states a claim at all, it is a state-law claim rather than a federal claim, and it will be dismissed without prejudice.[1]  Since Plaintiff's claims, if any, against Denko and Chacon do not arise under federal law, those individuals will be dismissed as Defendants in this case.

**John Doe Defendants, Kari Brandenburg, Michelle Khader, Bernalillo County Sheriff's Department, Sheriff Darren P. White, Captain Darci Blaschke, NCIC Username Socrist, NCIC Username Somari:**  Defendants Brandenburg and Khader, respectively, are the District Attorney for the Second Judicial District and an employee of the District Attorney's office.  They participated in the motion to dismiss filed on behalf of all state Defendants.  The other Defendants are the county Defendants, who as noted above have not filed a motion to dismiss or joined in the motion filed by the state Defendants.  However, the claims brought against these Defendants all arise out of the same allegations in the amended complaint, and the Court therefore discusses their potential liability together rather than separately.  Plaintiff raises two complaints against these Defendants.  First, he alleges they, or some of them, wrongfully "perpetuated" the legally baseless bench warrant that was

---

[1]Since Plaintiff is pro se, the Court will explain that "without prejudice" means the dismissal will not prevent Plaintiff from bringing a claim in state court, if the Inspection of Public Records Act provides such a remedy.  The Court expresses no opinion as to whether a right of action exists under that statute.

issued against Plaintiff by District Judge Romero.  They allegedly did so by placing the bench warrant into the national NCIC system, ensuring that Plaintiff would be wrongly arrested and held if he ever had contact with law enforcement officers.  Second, he alleges they, or some of them, included erroneous information in the NCIC system.

**Factual Allegations:**  The Court has carefully reviewed Plaintiff's amended complaint, and especially the attachments thereto, to determine what allegedly happened to Plaintiff and whether those events are actionable in federal court.[2]  Viewing the allegations and attachments in the light most favorable to Plaintiff, the Court accepts the following as true for purposes of this opinion.  On June 2, 2004, Judge Romero issued a bench warrant for Plaintiff's arrest, based on Plaintiff's failure to appear for a hearing in his divorce case.  Issuance of such a warrant was not authorized by law.[3]  On the same date, June 2, 2004, the Bernalillo County Sheriff's Department ("Sheriff's Department") received the warrant from the state district court and entered the warrant into the NCIC computer database. [Amended complaint, attachment 15] The bench warrant specifically stated that no bond should be allowed and Plaintiff should be held if he was apprehended pursuant to the warrant.  [*Id.*, attachment 9]  Over a year later, on October 12, 2005, Plaintiff was stopped by Pennsylvania law enforcement authorities for an alleged traffic violation.  Due to the existence of the bench warrant in the NCIC system, the Pennsylvania police contacted New Mexico authorities,

---

[2]The Court has also reviewed the various versions of Plaintiff's proposed Second Amended Complaint and attachments to those documents, as a few of the attachments are different than the attachments to the amended complaint.

[3]The Court is aware of authority for the proposition that a bench warrant could be proper in a civil case if a party has been ordered to appear before the judge for a specific purpose, and is held in contempt for failing to obey that order.  Otherwise, issuance of a bench warrant in a civil case, simply for failing to show up for a hearing, appears to be a highly unusual circumstance that could well be legally unsupportable.  At this stage of the proceedings, the Court must accept the contention that there was no authority supporting Judge Romero's issuance of the bench warrant.

who sent an electronic message as follows: "CONFIRMING ONE FELONY WARRANT / PLEASE PLACE OUR HOLD, WE WILL EXTRADITE." [Proposed Second Amended Complaint, Attachment 33] The message added that the contact person was Defendant Michelle Khader. [*Id.*] Pennsylvania apparently confirmed this information over the telephone. [Amended complaint, attachment 35]

Pursuant to New Mexico's instructions, Plaintiff was detained overnight by the Pennsylvania authorities. The next day, October 13, 2005, the Sheriff's Department sent a teletype to Pennsylvania stating that upon further review, the assistant district attorney assigned to the case declined to extradite Plaintiff from Pennsylvania. [*Id.*, attachment 34] Plaintiff was accordingly released from jail. On October 19, 2005, the Sheriff's Department received documentation from the Second Judicial District Court indicating the bench warrant should allow for extradition only within the state of New Mexico, and the Department updated the information in the NCIC system to reflect that fact. [*Id.*, attachment 15] Later that month, Plaintiff was again stopped by Pennsylvania law enforcement authorities, who sent a teletype asking New Mexico to confirm the fact that Plaintiff would not be extradited. [Fourth motion for leave to filed second amended complaint, attachment 2] Plaintiff was not arrested as a result of that stop.

While Plaintiff was investigating the reasons for his arrest and overnight detention on October 12 and 13, 2005, he obtained copies of documents showing the information the Sheriff's Department had put into the NCIC system. [Amended complaint, attachments 7 and 8] These documents indicated that the Sheriff's Department had included a "caution" to the effect that Plaintiff had a "HISTORY OF ASSAULT ON POLICE OFFICER." [*Id.*] This information was not true, as Plaintiff has never been charged with or convicted of assault on a police officer; the only

indication of any incident similar to that was Plaintiff's arrest in 1999 for "resisting" an officer, and that charge was dismissed before trial.

**Discussion of the Law:**  The question before the Court is whether the above facts, accepted as true, state a cause of action for a violation of the federal Constitution or any federal statutes. Plaintiff argues that his Fourth Amendment rights were violated when he was arrested and held overnight on the strength of an invalid bench warrant issued by Judge Romero.  The Court agrees that an arrest and detention without a valid basis is a violation of the Fourth Amendment.  However, as the Court has already held, Judge Romero is granted absolute immunity from any lawsuit for damages, arising out of his issuance of the bench warrant, regardless of whether he had any legal grounds for issuing the warrant.  In addition, law enforcement or judicial personnel who simply execute a warrant issued by a judge are given the same absolute immunity that the judge enjoys.  *See Lopez v. Shapiro*, 1998 WL 67376 (10th Cir. 1998, unpublished) (court employees who participated in issuance of bench warrant ordered by a judge had absolute immunity from lawsuit for monetary damages, as did sheriff's deputy who arrested the plaintiff pursuant to the bench warrant); *see generally Valdez v. City and County of Denver*, 878 F.2d 1285, 1287-88 (10th Cir. 1989) (power to execute judicial decrees is an integral part of the judicial process; court officers sworn to execute court orders are shielded by absolute immunity in the performance of their duty); *T & W Inv. Co., Inc. v. Kurtz*, 588 F.2d 801, 802 (10th Cir. 1978) (it is simply unfair to spare the judges who give orders while punishing the officers who obey them).

Therefore, any employee of the District Attorney's office or the Sheriff's Department who assisted in enforcing the bench warrant issued by Judge Romero is absolutely immune from suit in this case.  For example, the employee who entered the bench warrant into the NCIC system cannot be sued simply for doing so.  Similarly, Defendant Khader, who as discussed above was listed as the

contact person for the bench warrant, cannot be sued simply because she informed the Pennsylvania police officers that New Mexico would extradite Plaintiff from Pennsylvania, as the bench warrant contained no territorial restrictions on its face that would have limited its reach to the state of New Mexico.  All of Plaintiff's claims arising out of the issuance of the bench warrant, the entry of that warrant into the NCIC system, and the communications about that warrant with Pennsylvania law enforcement officers are barred by the doctrine of absolute judicial immunity.  This is because all of those actions concerned the execution of a bench warrant that was valid on its face, even though there may have been no valid legal basis for its issuance in the first place.

The inclusion of false information in the NCIC system, concerning Plaintiff's alleged history of assault on a police officer, is a different matter.  This false information did not appear on the face of the bench warrant, and entry of the information into the NCIC system cannot be considered merely an act necessary for executing the bench warrant.  The Tenth Circuit has specifically held that knowingly transmitting false information over the NCIC system can be a constitutional violation, if that false information causes a person to be detained initially or to have their detention extended for a longer period of time than would otherwise have been the case.  *See Clanton v. Cooper*, 129 F.3d 1147, 1156 (10th Cir. 1997).  For purposes of this opinion the Court accepts as true that the Sheriff's Department employee who communicated the "history of assault on police officer" information to the NCIC system knew there was no factual basis for that information at the time it was put into the system.  The part of the claim that is lacking, however, is that there are no facts indicating that the false information caused any constitutional harm to Plaintiff.  There is no allegation in the amended complaint, and nothing in the attached documents, indicating that the "history of assault on police officer" information caused Plaintiff to be detained during the October 12, 2005 traffic stop or any subsequent traffic stop.  Similarly, Plaintiff was held overnight on

October 12, 2005 because the bench warrant issued by Judge Romero ordered that he be held, and New Mexico authorities therefore informed Pennsylvania that Plaintiff would be extradited. There is nothing to indicate that the false information in the NCIC system played any role in the decision to hold Plaintiff overnight. Therefore, on the present record Plaintiff cannot base a claim for damages under the federal Constitution on the fact that the NCIC system contained false information provided by the Bernalillo County Sheriff's Department.

As the Court pointed out above, the Sheriff's Department and its employees, as well as the Sheriff himself, have not filed a motion to dismiss. However, in order to ensure that judicial resources and the resources of the parties are not consumed by the litigation of claims that do not belong in federal court, the Court will issue an order to show cause why the claims against these Defendants should not also be dismissed. Plaintiff will be required to explain in writing how the inclusion of false information in the NCIC system caused him harm of a constitutional dimension. If he cannot do so, the case will be dismissed in its entirety.

**Other Motions:**  As a result of this opinion and the dismissal of the claims against the state Defendants, their motion to strike (Doc. 63) is moot and will be denied. Plaintiff's motion to strike (Doc. 67) is also moot, as the Court did not consider the state Defendants' memorandum in deciding the issues raised in the order to show cause. Plaintiff's motion for summary judgment against one of the John Doe Defendants (Doc. 72) will be denied because a John Doe defendant is by definition an unidentified individual, and judgment by default cannot be obtained against a defendant who has not yet been identified. Plaintiff's two motions for reconsideration (Docs. 81, 85), asking that the Court reinstate Plaintiff's claims against two judges and several judicial employees, will be denied because the claims against those individuals are without merit for the reasons stated in the Court's prior orders and opinion. Finally, Plaintiff's fourth motion for leave to file a second amended

complaint (Doc. 87) will be denied.  The procedure of amending a complaint is not to be used simply to clarify issues or add additional facts in support of claims that are lacking in legal basis.  This is because every time an amended complaint is allowed, the Defendants are required to file an answer to that new complaint, and such additional expense and effort will not be required unless there is a good reason for it.   In addition, Plaintiff's second amended complaint does not remedy the deficiencies found in his original amended complaint, and it would therefore be futile to allow the amendment.  *See, e.g., Watson ex rel. Watson v. Becke*l, 242 F.3d 1237, 1239-40 (10th Cir. 2001) (permission to amend complaint may be denied if complaint as amended would be subject to dismissal, and amendment would therefore be futile).

**Conclusion:**  As discussed above, Plaintiff cannot sue the employees who entered the bench warrant into the NCIC system because they are protected by the same absolute immunity that is given to the judge who ordered the bench warrant issued in the first place.  In addition, it does not appear that the inclusion of false information in the NCIC system caused Plaintiff any tangible harm rising to the level of a constitutional violation.  The Court notes, however, that if the allegations made in this case are taken as true, Plaintiff may have been harmed by the actions of Judge Romero.  If the allegedly baseless bench warrant had not been issued, Plaintiff would not have been arrested and held overnight but instead would have been given a traffic citation and released.  Unfortunately for Plaintiff, however, as this Court has repeatedly explained, he is prevented from obtaining any monetary relief for any harm he has suffered because Judge Romero and all those who simply executed the warrant ordered by Judge Romero are absolutely immune from suit.  In addition, it is also unfortunate that the NCIC system falsely indicated Plaintiff has a history of assaulting police officers.  As discussed above, however, the mere existence of false information does not give rise

to a federal claim; there must be damage caused by such erroneous information.  Plaintiff's claims therefore are subject to dismissal.

### ORDER AND ORDER TO SHOW CAUSE

A Memorandum Opinion having been entered this date, it is hereby ORDERED that the state Defendants' motion to dismiss (Doc. 33) be, and hereby is, GRANTED and those Defendants are dismissed from this case.  In addition, it is hereby ORDERED that the following motions be, and hereby are, DENIED:  a motion to strike (Doc. 63) filed by the state Defendants, a motion to strike (Doc. 67) filed by Plaintiff, a motion by Plaintiff for summary judgment against a John Doe Defendant (Doc. 72), two motions to reconsider (Docs. 81, 85) filed by Plaintiff, and a fourth motion for leave to file a second amended complaint (Doc. 87) filed by Plaintiff.

Finally, it is hereby ORDERED that Plaintiff shall show cause in writing, within twenty days of the date of this order, why his claims against the remaining Defendants should not be dismissed for failure to state a federal cause of action, for the reasons discussed in the Memorandum Opinion.

Dated this 16th day of June, 2008.


_____
BRUCE D. BLACK
United States District Judge