IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

DAN VACEK,

        Plaintiff,

v.                                                         No. CIV 07-1187 BB/RHS

BERNALILLO COUNTRY SHERIFF'S
DEPARTMENT, BERNALILLO COUNTY,
NEW MEXICO; SHERIFF DARREN P.
WHITE; CAPTAIN DARCI BLASCHKE;
NCIC USERNAME JOHNDOE#1BER; NCIC
USERNAME SOCRIST; NCIC USERNAME
SOMARI,

        Defendants.

## MEMORANDUM OPINION
## IN SUPPORT OF DISMISSAL

THIS MATTER is before the Court on the Motion of the County Defendants to Dismiss Plaintiff's Complaint [doc. 46, affirmative defenses] and Plaintiff's Motion for Discovery [doc. 78] and Motion for Judgment on the Pleadings [doc. 91]. The Court having reviewed all pleadings, finds Defendants' Motion has legal support and Plaintiff's claims must be dismissed.

### *Discussion*

This Court dismissed the State Defendants by a Memorandum Opinion and Order on June 16, 2008. At oral argument on the State's motion, the County Defendants reiterated their affirmative defenses and the Court gave Plaintiff a chance to brief the

issues.  The Court has reviewed Plaintiff's Brief [doc. 89] and the Reply of the County Defendants [doc. 93], and is persuaded by Defendants' arguments.

Plaintiff's claims against the County Defendants arise out of the same facts which gave rise to the claims against the State Defendants.  Plaintiff basically claims that the state court judge issued a "no hold bond" bench warrant which lead to Plaintiff being "improperly" detained by out-of-state Pennsylvania law enforcement officials.  Plaintiff contends that the County Defendants failed to respond to requests for information concerning his file and then failed to expunge his arrest record.  Further, Plaintiff contends that the County Defendants "perpetuated" the baseless bench warrant that was issued against him by the state district court judge.  Further, Plaintiff argues that the County Defendants entered incorrect information in the NCIC system which would thereby subject the County Defendants to liability for violation of Plaintiff's civil rights.

Plaintiff has failed to establish facts which would legally support his claims against the County Defendants.  First, the County Defendants are entitled to dismissal of Plaintiff's claims which arise strictly out of "perpetuating" the no hold bond warrant. The Tenth Circuit Court of Appeals has ruled that "others performing judicial or 'quasi-judicial' functions enjoy absolute immunity." *See Russ v. Uppah*, 972 F.2d 300, 303 (10th Cir. 1992).  Enforcing a warrant, valid on its face, is a quasi-judicial function.  *Hill v. Bogans*, 735 F.2d 391 (10th Cir. 1984). As noted in this Court's earlier *Memorandum Opinion*, law enforcement and judicial personnel who simply execute a warrant issued

by a judge are given the same absolute immunity that the judge enjoys. *See Lopez v. Shapiro*, 1998 WL 67376 (10th Cir. 1998) (unpublished opinion) (court employees who participated in the issuance of bench warrant ordered by judge had absolute immunity from lawsuit for monetary damages, as did sheriff's deputy who arrested the plaintiff pursuant to the bench warrant). Thus, as to the claims that the County Defendants "perpetuated" the no hold bond warrant, the County Defendants are immune from suit.

Next, the claims arising out of the alleged inclusion of false information in the NCIC system are subject to dismissal. As a general rule, the courts have held that, in the context of a federal civil rights claim, that the plaintiff must establish that the defendants have intentionally violated the plaintiff's civil rights. *See Collins v. City of Harker Heights*, 503 U.S. 115, 127 n. 10 (1992) (government's action must be intentionally, not merely negligent); *Gunnel v. Utah Valley State College*, 152 F.3d 1253, 1265 (10th Cir. 1998). Here, Plaintiff asserts that the County Defendants included "inaccurate, false and libelous 'NCIC' entries where [sic] in violation of the agency's published procedure sections…". See *Memorandum In Opposition to Motion to Dismiss* at p. 13 (¶ 25). Plaintiff does not point to any set of facts which would establish that the County Defendants engaged in intentional conduct that resulted in a constitutional deprivation. *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990) (more than mere negligence required for constitutional deprivation in civil rights action). Likewise, the same is true as to the remaining claims that the County Defendants "conspired" with the

**State Defendants to violate Plaintiff's constitutional rights. Because Plaintiff cannot establish anything more than mere negligence, the claims asserted against the County Defendants should be dismissed with prejudice.** *See Henry v. Albuquerque Police Dept.*, **49 Fed. Appx. 272 (10th Cir. 2002) (affirming dismissal of motor vehicle department employees who allegedly conspired to provide police false information regarding status of plaintiff's license).**

**Finally, as noted by the Court in the** *Order to Show Cause***, Plaintiff was required to come forward with facts establishing that the alleged false information entered into the NCIC system caused constitutional harm to Plaintiff. Initially, it is important to note that there are no allegations in the Complaint or the Amended Complaint, and nothing in the attached documents submitted with Plaintiff's** *Memorandum***, which would indicate that the "history of assault on police officer" notation caused Plaintiff to be detained during the October 12, 2005 traffic stop or any subsequent traffic stop. Rather, as Plaintiff himself reiterates in his** *Memorandum,* **the bench warrant issued by Judge Romero, which ordered that Plaintiff be held, was the "root cause" of the detention by Pennsylvania law enforcement officials. Plaintiff therefore cannot recover against the County Defendants for something that they did not legally cause.** *Thibodeaux v. Arceneaux*, **768 F.2d 737 (5th Cir. 1985);** *Morales Borrero v. Lopez Feliciano*, **710 F. Supp. 32 (D.P.R. 1989). Because Plaintiff fails to establish that the alleged false information in the NCIC system played a causal role in the decision by Pennsylvania law**

4

enforcement officials to hold Plaintiff for three hours, any claims arising from the alleged incorrect entry of information into the NCIC system should be dismissed.

In sum, contrary to the Court's order, Plaintiff has not come forward with an explanation as to how the inclusion of false information in the NCIC system (e.g. the entry that Plaintiff had a "history of assault on police officer") caused him "harm of a constitutional dimension." Again, as Plaintiff himself concedes, the no hold bond warrant issued by Judge Romero alone would have caused the three hour detention in Pennsylvania. Therefore, all claims against the County Defendants should be dismissed with prejudice.

_____
**BRUCE D. BLACK**
**United States District Judge**